The Full Commission has reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner Holmes and upon the briefs and argument of counsel. Plaintiff has shown good ground to reconsider the matter. Upon reconsideration of the record, the Full Commission reverses the Deputy Commissioner's Order and enters the following Order.
* * * * * * * * * * * * * * * * * *
This case arose out of Ms. Matthews' 25 February 1991 industrial accident at Carolinas Medical Center. Defendant denied that the incident happened and denied the claim. Ms. Matthews prevailed at the initial hearing and defendant appealed. In a 29 November 1994 Opinion and Award, the Full Commission affirmed the Deputy Commissioner's Award, which granted Ms. Matthews ongoing temporary total compensation, medical expenses and, specifically, vocational services to "assist her in returning to employment."
The Full Commission's Opinion and Award became final on 29 December 1994. No appeal was taken. Two months later, on 1 March 1995, defendant moved for a "change of physician" to doctors at its own facility, Miller Orthopedic Clinic. Former Executive Secretary Nick P. Davis entered an order, dated 21 March 1995, appearing to grant defendant's Motion with the language, "If defendant's allegation . . . is correct, that Dr. Rhyne referred plaintiff to Dr. Wheeler, defendant's Motion is granted."
In May 1995 defendant filed a Form 24, on the grounds that Ms. Matthews did not keep an appointment with Dr. Welshofer of the Miller Clinic. After an informal hearing, Deputy Commissioner Bain Jones filed an Administrative Order dated 6 July 1995 suspending plaintiff's benefits until she saw Dr. Welshofer.
Shortly thereafter, plaintiff requested a trial de novo with respect to the two administrative decisions, which are hereby incorporated by reference, as is the 29 November 1994 Full Commission Opinion and Award.
* * * * * * * * * * * * * * * * * *
For the purpose of this Order and based on the evidence of record, the Full Commission makes the following:
FINDINGS OF FACT
1. On 1 August 1995, Ms. Matthews, along with defendant's medical management nurse, saw Dr. Welshofer for an office appointment. Defendant did not reinstate Ms. Matthews' compensation and as of 29 January 1997, still had not done so.
2. On 1 January 1996, plaintiff filed 2 documents:
 a.) A Motion to Compel Defendant to Comply with the Opinion and Award of the Full Commission, and
 b.) A Withdrawal of her Request for Hearing and Motion for Summary Judgment and for Sanctions (Rules 605, 607, 802).
3. Prior to the hearing before Deputy Commissioner Holmes on 22 August 1996, plaintiff moved on 24 July 1996, pursuant to Industrial Commission Rule 703, for a de novo hearing on certain pre-trial issues, including Ms. Matthews' presence at the hearing, the framing of the issues and burden of proof, and defendant's compliance with discovery.
4. Ms. Matthews also submitted her affidavit explaining her circumstances and the hardship traveling to Charlotte would impose and requesting that the Deputy Commissioner proceed to decide her case without her presence. When Ms. Matthews' compensation was suspended she moved on 1 August 1995, to Paris, Tennessee, to live with her family there since she did not have sufficient means to support herself in North Carolina.
5. In plaintiff's affidavit she establishes the following:
 a.) She was referred by her physicians in Charlotte to Dr. Eugene Gulish, an orthopedic physician in Tennessee.
 b.) She had an appointment with Dr. Gulish for 8 September 1995, and requested that the doctor's office obtain authorization from Trigon Administrators.
 c.) She was unable to keep this appointment because Trigon refused authorization of Dr. Gulish's services for the reason that "the case had been closed." She was not ever a patient of Dr. Gulish or of any other orthopedic doctor thereafter.
 d.) Trigon Administrators has refused to authorize any medical expenses for care for her back condition since she moved to Tennessee.
 e.) She had been advised by her attorney that an Order had been entered requiring her personal attendance at a Charlotte hearing, scheduled for Thursday, 22 August 1996.
 f.) Due to her back condition, she is physically able to drive only short distances; it is a 10 hour car trip (one way) from her residence to Charlotte, which far exceeds her driving ability.
 g.) She has not received any compensation from Trigon since June of 1995. She remains unable to work and does not have the financial means to bear the costs of the public transportation and lodging necessary for her to be present at the 22 August 1996 hearing.
6. On 22 August 1996, plaintiff, through counsel, was ready to proceed on all issues. The Deputy Commissioner declined to do so, and advised orally that he would be entering an order dismissing with prejudice plaintiff's claim.
7. On 30 August 1996, Deputy Commissioner Holmes entered a written order dismissing plaintiff's claim with prejudice. Plaintiff then appealed to the Full Commission.
8. The Full Commission finds that plaintiff has complied with the 6 July 1995 Administrative Order suspending plaintiff's benefits.
* * * * * * * * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On a claimant's appeal from an order entered in a Form 24 decision, the issue of whether compensation benefits should be suspended is for trial de novo and the party seeking to have the compensation benefits suspended has the burden of proof. G.S. § 97-18.1;Workers' Compensation Rule 404. Thus, defendant had the burden of proof at the hearing scheduled for 22 August 1996 and plaintiff had not been placed under subpoena to attend the hearing. Id.
2. Plaintiff has complied with the conditions upon which her benefits were suspended by the 6 July 1995 Administrative Order. See Sanhuezav. Liberty Steel Erectors, 122 N.C. App. 603, (1996); (The Court of Appeals cautioned against a suspension that "effectively terminates plaintiff's right to receive future disability benefits rather than merely suspending that right . . . [and] G.S. § 97-25 is clear in its mandate that a claimant who refuses to cooperate with a rehabilitative procedure is only barred from receiving further compensation until such refusal ceases.") Id.
3. Plaintiff's presence at the hearing on 22 August 1996 was not required in order for it to have proceeded, and any Orders requiring her presence were filed in error. Plaintiff's presence not being required at the 22 August 1996 hearing, the 30 August 1996 Order Dismissing Plaintiff's Claim With Prejudice was filed in error.
4. Plaintiff is entitled to the reinstatement of her continuing temporary total disability compensation benefits pursuant to the 29 November 1994 Opinion and Award of the Full Commission, commencing as of 1 August 1995. G.S. § 97-29; G.S. §97-18.1.
5. Plaintiff is entitled to interest at the rate of 8% on the accrued temporary total disability compensation benefits to which she has been awarded. G.S. § 97-86.2.
6. Should plaintiff's presence be required by subpoena or otherwise at any future proceeding brought by defendant, defendant shall tender to plaintiff well in advance of any hearing the reasonable transportation and lodging expenses necessary for plaintiff's appearance for so long as she remains living out of state.
7. Plaintiff is entitled to have defendant provide, in Tennessee, the medical compensation previously ordered by the Full Commission and shall make arrangements in that state to provide to plaintiff the vocational rehabilitation benefits previously ordered as well. G.S. § 97-25.
* * * * * * * * * * * * * * * * * *
ORDER
1. The 30 August 1996 Order Dismissing Plaintiff's Claim With Prejudice is hereby VACATED.
2. Should plaintiff's presence, by subpoena or otherwise, be required at any future proceeding before the Industrial Commission, defendant shall tender to plaintiff prior to any such proceeding the reasonable transportation and lodging expenses necessary for her attendance.
3. Defendant shall reinstate payment to plaintiff of continuing temporary total disability compensation, pursuant to the 29 November 1994 Opinion and Award of the Full Commission, commencing as of 1 August 1995. Such compensation that has accrued shall be paid to plaintiff in a lump sum.
4. Defendant shall pay to plaintiff interest at the rate of 8% on the accrued benefits to which plaintiff has been awarded in a lump sum payment. The payment of interest is not subject to the attorney's fee previously awarded to counsel for plaintiff.
5. Defendant shall forthwith provide to plaintiff in Tennessee the medical compensation previously ordered by the Full Commission with respect to plaintiff's injury by accident and shall make arrangements to begin providing within the next 90 days to plaintiff in Tennessee the vocational rehabilitation benefits previously ordered as well.
6. Should plaintiff's presence be required at any future proceeding brought by defendant, defendant shall tender to plaintiff well in advance of any hearing the reasonable transportation and lodging expenses necessary for plaintiff's appearance for so long as she remains living out of state.
7. Defendant shall pay counsel for plaintiff a reasonable attorney's fee of 25% of the lump sum awarded to plaintiff above in a lump sum payment and shall continue to pay an attorney's fee to counsel for plaintiff according to the terms of the 29 November 1994 Full Commission Opinion and Award.
8. Defendants shall pay the costs.
 S/ ____________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________ DIANNE C. SELLERS COMMISSIONER